IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. _____

CHELSIA BLACKMON,
    Plaintiff,
v.

SPIRIT AIRLINES, INC.,
    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, CHELSIA BLACKMON ("BLACKMON") and sues Defendant, SPIRIT AIR AIRLINES, INC. ("SPIRIT AIR"), for violation of Title VII of the Civil Rights Act, 42 USC § 2000, et seq. ("Title VII") and The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, et seq. ("FCRA") and, in support, she alleges as follows:

## JURISDICTION & VENUE

1. This is an action brought to remedy unlawful employment practices by the SPIRIT AIR, pursuant to Title VII and FCRA.

2. This Court has federal question jurisdiction, pursuant to 28 USC § 1331 and supplemental jurisdiction pursuant to 28 USC § 1367.

3. BLACKMON *sui juris* and is a resident of this Court's jurisdiction.

4. SPIRIT AIR is company incorporated in the State of Delaware and employed Plaintiff in this District and has its principal place of business in this District.

## CONDITIONS PRECEDENT

5. All conditions precedent has been satisfied or has been waived, including timely filing of a Charge of Discrimination, over 180 days have elapsed since her filings, and receipt of the Right to Sue Letter.

## FACTUAL ALLEGATIONS

6. BLACKMON is an African American woman.

7. BLACKMON went through training and passed all training and compliance protocols, including being seated and strapped into a jump seat.

8. BLACKMON was put on active duty as a flight attendant and worked trips on multiple different aircrafts including SPIRIT AIR's Airbus 319s.

9. During her training BLACKMON successfully buckled the various jump seat restraints.

10. On or about September 3, 2021, BLACKMON was assigned to an Airbus 319.

11. Due to BLACKMON's size she was unable to the buckle the jump seat's seatbelt and was not allowed to use an expander.

12. BLACKMON was then made to deplane due to her inability to buckle herself into the jump seat on that flight.

13. BLACKMON was then placed on administrative leave and was sent a letter on September 8, 2021, from SPIRIT AIR to schedule an investigatory meeting.

14. On or about September 13, 2021, the SPIRIT AIR held an investigatory meeting which led to a letter dated September 27, 2021 directing BLACKMON to appear and demonstrate she can buckle a jump seat.

15. On or about October 8, 2021, SPIRIT AIR directed BLACKMON to buckle herself into a jump seat that was too small for her.

16. On or about October 13, 2021, SPIRIT AIR withheld BLACKMON from service.

17. On or about November 3, 2021, SPIRIT AIR terminated BLACKMON stating she could not fit into the jump seat.

18. BLACKMON was only given a period from September 3, 2021 to October 12, 2021 to "fit" into the jump seat.

19. A Caucasian Flight Attendant who was also in the early stages of her career and who was hired around the same time as BLACKMON, had the same issue of "fitting" into the jump seat but she was given several months to fit into the jump seat.

## ATTORNEYS' FEES

20. Plaintiff has retained the undersigned counsel and has agreed to pay reasonable fees.

## COUNT I: RACE DISCRIMINATION IN VIOLATION OF TITLE VII

21. Plaintiff repeats and realleges her allegations made in paragraph 1 through 20 of this Complaint.

3

22. BLACKMON is African American.

23. BLACKMON received an adverse disciplinary action including suspension, increased scrutiny, and termination due to her inability to "fit" into the jump seat due to weight and size.

24. A similarly situated non-African American employee had similar problems "fitting" into the jump seat due to her weight and size. ("Comparator").

25. Though the Comparator had similar issue fitting into and buckling the jump seat due to her weight and size, she was allowed more time to lose weight and fit.

26. In contrast, BLACKMON was not similarly treated like the Comparator because she was not allowed the similar time or opportunity to lose weight in order to "fit" into the jump seat.

27. As a result of the discriminatory and illegal differential treatment based upon her race, Plaintiff has suffered lost wages, compensatory damages, mental anguish and suffering as a result of the discriminatory treatment that SPIRIT AIR subjected her to.

28. BLACKMON states that Defendant's actions were in willful and malicious and in reckless disregard of her civil rights protected by the Act and subjects SPIRIT AIR to punitive damages.

29. BLACKMON is seeks to reasonable attorneys' fees and costs in the even she prevails in this claim pursuant 42 USC § 1988.

WHEREFORE, as to Count I, Plaintiff, CHELSIA BLACKMON, respectfully requests that this Court grant judgment in her favor and against Defendant, SPIRIT AIR, and award back pay, front pay, compensatory damages, punitive damages, attorneys' fees costs and such other further relief that this Court deems just and equitable.

## COUNT II- RACE DISCRIMINATION IN VIOLATION OF FCRA

30. Plaintiff repeats and realleges her allegations made in paragraph 1 through 20 of this Complaint.

31. BLACKMON is African American.

32. BLACKMON received an adverse disciplinary action including suspension, increased scrutiny, and termination due to her inability to "fit" into the jump seat due to weight and size.

33. A similarly situated non-African American employee had similar problems "fitting" into the jump seat due to her weight and size.

34. Though the Comparator had similar issue fitting into and buckling the jump seat due to her weight and size, she was allowed more time to lose weight and fit.

35. In contrast, BLACKMON was not similarly treated like the Comparator because she was not allowed the similar time or opportunity to lose weight in order to "fit" into the jump seat.

36. As a result of the discriminatory and illegal differential treatment based upon her race, Plaintiff has suffered lost wages, compensatory damages, mental anguish and suffering as a result of the discriminatory treatment that SPIRIT AIR subjected her to.

37. BLACKMON states that Defendant's actions were in willful and malicious and in reckless disregard of her civil rights protected by the Act and subjects SPIRIT AIR to punitive damages.

38. BLACKMON is seeks reasonable attorneys' fees and costs in the even she prevails in this claim pursuant to Fla. Stat. § 760.11.

WHEREFORE, as to Count II, Plaintiff, CHELSIA BLACKMON, respectfully requests that this Court grant judgment in her favor and against Defendant, SPIRIT AIR, and award back pay, front pay, compensatory damages, punitive damages, attorneys' fees costs and such other further relief that this Court deems just and equitable.

### JURY TRIAL DEMAND

Plaintiff, CHELSIA BLACKMON, demands a trial by jury on all issues so triable.

Dated: <u>November 16, 2022</u>     Respectfully submitted,

By:   /s/ *Gina Cadogan*
GINA MARIE CADOGAN
Fla Bar No. 177350
Cadogan Law
300 S. Pine Island Road, Suite 107

              Telephone: 954.606.5891
              Facsimile: 877.464.7316
              Email: gina@cadoganlaw.com
              Email: kathy@cadoganlaw.com
              Email: tyler@cadoganlaw.com